# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRED DANIEL REEVES, JR.,

                Plaintiff,                    Case Number: 2:09-CV-11990

v.                                    HON. PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

S. KING, ET AL.,

                Defendants.

_____/

## ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR WANT OF PROSECUTION

Plaintiff Fred Daniel Reeves, Jr., filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  At the time he filed the complaint, Plaintiff was incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan.  Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1).  After careful consideration, the Court dismisses defendants Birkett, Sciotti, and Ricumstrict pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

In his complaint, Plaintiff alleges that he has been subjected to the strong odor of natural

_____

[1]        28 U.S.C. § 1915(e)(2) provides, in pertinent part:

        Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

gas coming through the ventilation system into his cell causing him severe headaches and breathing difficulties.  Plaintiff states that he suffers from asthma and his condition is exacerbated by the fumes.  He claims he has requested that defendants King, a resident unit manager, and Walworth, an assistant resident unit supervisor, transfer him to a different unit.  He also states that he has written letters to defendants Birkett, Sciotti and Ricumstrict notifying them of the situation.

Plaintiff's claims against defendants Birkett, Sciotti, and Ricumstrict appear to be based solely upon their supervisory roles.  The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, 98 S. Ct. 2018, 2036-38 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "Liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *quoting Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).  Supervisors may not be held liable under § 1983 merely for their failure to act upon letters and complaints of a prisoner.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, Plaintiff fails to allege any specific conduct by defendants Birkett, Sciotti, or

Ricumstrict that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, the Court will dismiss these defendants.

A litigant has the burden of advising the court and the parties of any change of address. *See, e.g., Carey v. King*, 856 F.2d 1439, 1441 (9th Cir.1988) ("A party ... bears the burden of keeping the court apprised of any changes in his mailing address"); *Taylor v. Wayne County Regional Jail*, 1992 WL 76938, *2 (6th Cir. Apr. 13, 1992) (same). Plaintiff was advised of this obligation at the time his case was filed. Plaintiff last advised the Court of an address change on July 24, 1990, when he notified the Court that he had been transferred to the St. Louis Correctional Facility in St. Louis, Michigan. Plaintiff has not communicated further with the Court. The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Plaintiff was discharged from custody on August 7, 2009. The Court is permitted to take judicial notice of information on OTIS. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004). Plaintiff has not advised the Court of his new address.

Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . ." Fed. R. Civ. P. 41(b). The Court will require Plaintiff to show cause why his case should not be dismissed for lack of prosecution.

Plaintiff fails to state a claim upon which relief may be granted against defendants Birkett, Sciotti, and Ricumstrict. Accordingly, **IT IS ORDERED** that defendants Birkett, Sciotti, and Ricumstrict are **DISMISSED**.

3

**IT IS FURTHER ORDERED** that Plaintiff must **SHOW CAUSE**, in writing, on or before December 8, 2009 why his case should not be dismissed for lack of prosecution.


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 23, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 23, 2009.


S/Denise Goodine
Case Manager

4